UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 19-CR-20212-MOORE/DAMIAN

UNITED STATES OF AMERICA,

v.

DANIEL ROBERTS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

THIS MATTER came before the Court for a revocation hearing on February 5, 2024, upon a Petition for Warrant or Summons For Offender Under Supervision, dated January 3, 2024, as to Defendant Daniel Roberts. [ECF No. 40 (the "Petition")].[1]

Defendant was convicted of possession of a firearm and ammunition by a convicted felon on July 25, 2019. [ECF No. 28]. He was released from prison and commenced supervision on January 21, 2022. On January 3, 2024, the Court issued an arrest warrant for Defendant based on a Petition from the United States Probation Office alleging that Defendant violated the requirements of supervised release. [ECF No. 40].

Defendant surrendered to the United States Marshal Service on January 4, 2024, in the Southern District of Florida and remained in custody through his initial appearance in this District on that same day, when the Federal Public Defender was appointed to represent

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF No. 44].

him. [ECF No. 43]. Defendant has remained in pre-trial detention since his initial hearing. The undersigned conducted the revocation hearing on February 5, 2024 [ECF No. 58].

The violations alleged in the Petition are as follows:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 27, 2023, in Miami Dade County, Florida, Defendant committed the offense of Battery/Aggravated/of a Pregnant Victim, contrary to Section 784.045(1)(B), Florida Statutes.

2. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 27, 2023, in Miami Dade County, Florida, Defendant committed the offense of Battery/One/Two/Prior Convictions, contrary to Section 784.03(2), Florida Statutes.

3. **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by law enforcement officer. On or about December 27, 2023, Defendant was arrested by the City of Miami Police Department, and he failed to advise the U.S. Probation Officer until January 2, 2024.

4. **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On or about October 13, 2023, Defendant failed to not associate with Mariah Atkins as directed.

[ECF No. 40 at 2–3].

All parties, including counsel for the United States, United States Probation Officer Maria Villacis, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. However, at the start of the hearing, Defendant indicated his intention to admit to violations 3 and 4 as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations 3 and 4 is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two (2) years of imprisonment, followed by supervised release of up to three (3) years, as set forth in 18 U.S.C. § 3583(b)(2). The parties,

with the agreement of the United States Probation Officer, indicated that they agreed to recommend to the District Judge that the applicable Guidelines range should be between four (4) to ten (10) months' imprisonment and that Defendant not serve a term of supervised release thereafter. Defendant acknowledged that he understands the Sentencing Guidelines and has discussed with his attorney the applicable guidelines range and the maximum penalties.

Defendant and the Government agreed that the Government will seek dismissal of the remaining violations, 1 and 2, at the time of sentencing, and that the United States Probation Officer concurs in that recommendation.

Accordingly, based on the parties', counsel's, and the United States Probation Officer's representations on the record, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to the allegations set forth in violations 3 and 4, as charged in the Petition [ECF No. 40].

The parties will have six (6) calendar days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 5th day of February, 2024.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

3

Copies to:
Hon. K. Michael Moore, *U.S. District Judge*
Counsel of Record

4